OPINION
Defendant Shane Jefferson appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of burglary in violation of R.C. 2911.12, after a jury found him guilty. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION REGARDING SEVERAL EVIDENTIARY RULINGS.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR BY EFFECTIVELY PLACING THE BURDEN OF PROOF ON APPELLANT IN THE PRELIMINARY JURY INSTRUCTIONS.
 IV. STATEMENTS MADE BY THE PROSECUTOR IN HER CLOSING ARGUMENT WERE SO PREJUDICIAL AND INFLAMMATORY AS TO VIOLATE APPELLANT'S CONSTITUTIONALLY PROTECTED RIGHTS.
At trial, the State's theory of the case was that appellant broke into the home of Holly Turner at 6:30 a.m. on April 6, 1999. The State presented the testimony of the two investigating officers, as well as the alleged victim. The State also presented various exhibits, including a 911 tape of Turner reporting the break-in. Turner testified she was awakened by a knock on her kitchen door, and asked who it was. The person responded "Shane". Appellant asked to come in, and Turner testified she told him he could not. Appellant then broke the kitchen window, which enraged Turner. Turner picked up some of the glass and threw it at appellant, striking him in the forehead. Appellant then kicked at the kitchen door, and Turner ran to the living room, and jumped out a window to call the police from a neighbor's home, because she did not have a telephone. Officers Jason Gaug and Hollis Burkes responded to the call. On the way to Turner's home, the officers observed appellant walking away from it. Appellant matched the physical description the dispatcher had provided the officers, so the officers attempted to stop appellant. Appellant did not comply, but began to walk away. The officers detained appellant and handcuffed him, and observed a fresh cut on his face and his wrist. The officers placed appellant into the cruiser and went to the Turner home. Appellant gave a statement to the police in which he stated he was lost in the area and was trying to get a ride to work. Appellant was acquainted with Turner and knocked on her door to ask for a ride. Appellant told the officer he observed an unknown person break the kitchen window from the inside, then jump through it and flee. However, Turner identified appellant to the police as the man who had broken into her home.
 I
In his first assignment of error, appellant asserts the trial court's decision was against the manifest weight and sufficiency of the evidence. At the close of the State's case in chief, and also at the close of appellant's case, appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29. The court overruled the motion both times. In State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court found the distinction between the concepts of manifest weight and sufficiency of the evidence to be both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard the court applies to determine whether the evidence is legally sufficient to support the verdict as a matter of law, Thompkins at 386, citations deleted. A motion for acquittal directs the trial court's attention to the issue of sufficiency of the evidence, and is a legal determination for the trial court to make. However, even if the judgment is sustained by the sufficiency of the evidence, the judgment may nevertheless be against the weight of the evidence, which refers to the amount of credible evidence offered in a trial in support one side of the issue, Thompkins at 387, citations deleted. Weight of the evidence concerns the factual issues to be determined by the jury. In reviewing a claim the jury verdict is against the manifest weight of the evidence, we must determine whether there was sufficient competent and credible evidence presented upon which the jury could reasonably conclude all the elements of the crime had been proven beyond a reasonable doubt, see State v. Eley (1976), 56 Ohio St.2d 169. R.C. 2911.12
prohibits a person, by force, stealth, or deception, to trespass in a permanent or temporary habitation of any person when a person other than an accomplice of the offender is present or likely to be present. We have reviewed the record, and we find the State presented sufficient evidence on each essential element of the crime charged. Further, we find the State presented sufficient competent and credible evidence which, if believed by the trier of fact, would support a verdict of guilty. Accordingly, we conclude the jury's verdict is not against the sufficiency and manifest weight of the evidence. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court erred in admitting a tape of the 911 call, as well as Officer Burkes' testimony regarding statements Turner made. Appellant urges the evidence was prohibited by Evid.R. 403, which excludes evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. Appellant also cites us to Evid.R. 404, which prohibits the admission of evidence of a person's character traits for the purpose of proving he acted in conformity therewith on a particular occasion. The State reminds us the admission or exclusion of evidence lies within the sound discretion of the trial court, see State v. Sage (1987), 31 Ohio St.3d 173. The Supreme Court has frequently defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary or unconscionable, see e.g., State v. Adams (1980),62 Ohio St.2d 151. Appellant urges the court should have redacted various portions of the 911 tape. Specifically, Turner referred to appellant's violent and unpredictable propensities, and alleged he had been smoking crack and drinking. The State replies the evidence was properly admitted under Evid.R. 803 (1) and (2), as being a statement of present sense impression and also an excited utterance made under stress. Appellant also argues the court should not have permitted Officer Burkes to testify regarding the statements Turner made to the officer during the initial investigation. Appellant urges the officer's testimony was inadmissible hearsay. The State replies Turner's statements to Officer Burkes were also excited utterances made only a few minutes after the events and while she was still visibly upset. Further, Turner was called to testify at trial, and subject to cross-examination regarding both the 911 call and her statements to the officer. We have reviewed the record, and we find the trial court did not abuse its discretion in permitting this contested evidence to be heard by the jury.
 III
In his third assignment of error, appellant urges the trial court committed plain error in instructing the jury. Specifically, after the jury was seated, but before opening statements, the court instructed the jury it must determine "the effect and value of the defendant." Crim.R. 52 (B) permits us to notice plain errors or defects if they affect the substantial rights of the accused even though the errors were not brought to the attention of the trial court. In State v. Long (1978), 53 Ohio St.2d 91, the Ohio Supreme Court held plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. Notice of plain error should be taken only in exceptional circumstances in order to prevent a miscarriage of justice. Appellant urges the trial court confused the jury about where the burden of proof lay in this criminal trial. Appellant suggests the trial court's instructions to the jury placed the burden on the appellant to prove his innocence or disprove the State's case. The State concedes the meaning of the instruction "you must determine the effect and value of the defendant" is vague at best. We note this instruction was made immediately after the jury was seated. After this instruction the court did instruct the jury on the presumption of innocence and burden of proof, and both the prosecutor and defense counsel reiterated these points during voir dire. We have reviewed the record, and we find although the court's instruction was unfortunate, nevertheless the court did carefully instruction the jury on the burden of proof and presumption of innocence. This court cannot say that but for this single isolated statement, the result of the trial would have been different. We conclude the trial court did not commit plain error. The third assignment of error is overruled.
 IV
Finally, appellant argues the trial court denied him a fair trial by permitting the prosecutor to commit misconduct during closing argument. In State v. Smith (1984), 14 Ohio St.3d 13, the Ohio Supreme Court noted the prosecution is normally entitled to a certain degree of latitude in its closing remarks. This court must determine whether the remarks were improper, and if so, whether they prejudicially affected the substantial rights of the accused. The prosecutor must not make an assertion which could mislead the jury, nor should the prosecutor express his personal beliefs as to the credibility of the witnesses or the guilt of accused. The prosecutor should allude only to evidence admitted at trial, and should not make unfair or derogatory personal references about opposing counsel, Smith at 14 citations deleted. The alleged misconduct must be reviewed in the context of the trial, see State v. Keenan (1993), 66 Ohio St.3d 402. Appellant first points out statements made by the prosecutor which mention appellant's defense counsel. The State urges defense counsel repeatedly gave his personal opinion about the evidence, and the credibility of the victim. The State urges the prosecutor's comments were made in response to defense counsel's interjection of his own personal opinion, and defense counsel did not object to the statements. We find the prosecutor's comments do not rise to the level of plain error, particularly in their context. Next, appellant brings to our attention two incidents on closing when the prosecutor was sarcastic about evidence presented in the defense case in chief. Appellant objected to one of the comments but failed to object to the other. The trial court overruled the objection, reminding the jury the arguments of counsel are not evidence. The prosecutor conceded she was being sarcastic. While we agree with appellant that sarcasm may not be the best tool for a prosecutor to employ, we cannot find on this record that the remarks were so prejudicial as to deny appellant his right to a fair trial. Finally, appellant brings forth a number of comments the prosecutor made regarding the evidence produced at trial. The prosecutor invited the jurors to ask themselves if one of the witness' testimony made sense. Certainly, one of the functions of the jury is to question the credibility of all the witnesses presented at trial. As the State points out, this did not invite the jury to disregard any evidence, but rather to critically examine it. We have reviewed closing arguments, and we cannot say the comments prejudicially affected the substantial rights of the appellant. The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
GWIN, P.J.,
EDWARDS, J., concurs, HOFFMAN, J., concurs in judgment only.